UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CYNTHIA LITTON**
               **Plaintiff,**
  v.

**CONDON-MEEK, INC.,**                **CASE NO.:**
a Florida Profit Corporation, and
**JOHN H. MEEK III, individually,**

               **Defendants.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CYNTHIA LITTON, by and through the undersigned attorney, sues the Defendants, CONDON-MEEK, INC. and JOHN H. MEEK III (collectively "Defendants") for failing to pay complete minimum wages and overtime for every hour worked, pursuant to 29 U.S.C. 216(b) (FLSA).

## NATURE OF CASE

1. Defendant, CONDON-MEEK, INC., (hereinafter "Condon-Meek") is an insurance firm located in Clearwater, Pinellas County, Florida.

2. As part of its enterprise, Defendant Condon-Meek hires book keepers to keep the firm's books and handle customer accounts.

3. Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendant Condon-Meek, and its owner, John H. Meek III (collectively "Defendants").

4. Defendants violated the FLSA by failing to pay Plaintiff overtime wages based on her regular hourly rate for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

## PARTIES

5. Defendant Condon-Meek is a Florida for profit corporation which operates and conducts business in, among others, Pinellas County, Florida and is therefore, within the jurisdiction of this Court.

6. Defendant John H. Meek III (hereinafter "Defendant") is the Owner and Director of Condon-Meek, Inc.

## JURISDICTION & VENUE

7. This action is brought under Federal law to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

9. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Pinellas County, Florida.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff worked for Condon-Meek at 1211 Court St. Clearwater, FL 33756.

11. At all material times during the last three years, Defendant Condon-Meek was an enterprise subject to the FLSA's provisions requiring overtime compensation.

12. At all material times, Plaintiff and others working for Defendant were "employees" of Defendant within the meaning of the FLSA.

13. At all material times, Defendant was an "employer" within the meaning of the FLSA and Defendant continues to be an "employer" within the meaning of the FLSA.

14. At all material time, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. Defendants' employees handled goods such as computers, software, paper, and office equipment which had traveled in interstate commerce on a daily basis.

16. At all material times during the last three years, Defendant Condon-Meek has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00).

17. Defendant Condon-Meek is an insurance firm, providing insurance policies to its clients in and outside of Florida.

18. Defendant John H. Meek III controlled and/or was responsible for the work of Plaintiff.

19. Defendant John H. Meek III regularly supervised Plaintiff's daily activities.

20. Defendant John H. Meek III created and implemented the employer's policies and practices which violated the FLSA.

21. Defendant John H. Meek III knew the employer's policies and practices violated the FLSA, but continued enforcing such policies against Plaintiff and other employees.

22. Plaintiff performed task integral to Defendants' business.

23. By Plaintiff's estimates, she routinely worked 45 hours or more in a work week.

24. Defendant Meek prohibited Plaintiff from reporting her overtime hours to Defendants' payroll company because Defendants knew the payroll company would pay Plaintiff overtime compensation pursuant to federal law.

25. When Plaintiff complained about not receiving overtime compensation, Defendant Meek told her "it was a condition of the job and better than not having a job."

26. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

27. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay, including bonuses and commissions, for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

28. The records, to the extent any exist, concerning the number of hours Plaintiff worked, are in the possession and custody of Defendants.

## FIRST CAUSE OF ACTION
## RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-29 above.

30. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

31. During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

32. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

33. Defendant was able to avoid paying overtime by expecting and sometimes requiring Plaintiff to work off the clock. Furthermore for those work-weeks Plaintiff was paid hours worked over 40, she was only paid straight-time and not the required time and a half.

34. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

35. Defendants did not maintain and keep accurate time records as required by the FLSA for

Plaintiff.

36. Defendants failed to post required FLSA informational listings as required by the FLSA.

37. Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

38. Defendants willfully violated the FLSA.

39. Plaintiff is entitled to liquidated damages.

40. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 27th day of June, 2017.

**MORGAN & MORGAN, P.A.**

*/s/ Marc R. Edelman*
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 North Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-257-0572
Email: MEdelman@forthepeople.com
*Attorney for Plaintiff*